UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 23-cr-20335 |
| Plaintiff, | Hon. Paul D. Borman |
| v. | |
| Kenan Kerim, | |
| Defendant. | |

### THE UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

Kenan Kerim anonymously threatened and harassed a victim, flaunting private photographs of her that he had obtained. He extorted her to get more photographs. Even when the victim tried to block Kerim to end the harassment, he was undeterred; instead creating multiple accounts on an internet application to continue his threatening behavior. Kerim's conduct was beyond inappropriate and done to create fear, embarrassment, and shame. But Kerim's conduct must be judged by the Court in conjunction with his background. Kerim has a long history of employment and strong familial relationships. Thus, balancing Kerim's offense conduct with his past, the United States

1

recommends a sentence of not more than 12 months imprisonment, followed by a three-year term of supervised release. Such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

## I.     FACTUAL BACKGROUND

On September 29, 2020, FBI agents interviewed an adult victim, AV-6, who resides in the Eastern District of Michigan.  AV-6 told investigators that around March 2020, she was contacted by multiple accounts on Instagram that were threatening her and began contacting her friends. The first account had sent her a nude image of herself and asked her for more images. An investigation revealed that this person was the defendant, Kenan Kerim. AV- 6 said she would for $20, which Kerim sent through Venmo linked to a particular email address.

But when she did not send additional images, Kerim began to threaten her and made multiple accounts to harass her once she blocked them. Specifically, Kerim threatened to post AV-6's nude photographs if she did not send more.  A coworker sent a link to AV-6 to a particular website where AV-6 found nude images of herself posted,

2

two of which had been the images sent to her by Kerim. AV-6 also received a set of nude photos of her friends and herself from the Kerim once she reported the matter to the police.

AV-6 made a police report after Kerim sent her a message saying: "unblock me or absolutely regret it. I'm not playing anymore. Give me my video and then f*** off. You have until 10 to respond to me." AV-6 felt threatened and afraid of Kerim.

Following an investigation by law enforcement, a criminal complaint filed April 4, 2023, alleged that Kerim had sent threatening communications in violation of 18 U.S.C. § 875(d) and engaged in cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). Kerim made his initial appearance on the complaint on April 24, 2023, and was released on bond. On June 13, 2023, a two-count Indictment was filed, charging Kerim in Count 1 with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), and Count 2 with interstate communications with threat to extort, in violation of 18 U.S.C. § 875(d).

On September 26, 2023, Kerim pleaded guilty to Count 1 of the indictment.

## II. SENTENCING GUIDELINE CALCULATION

The United States Probation Department calculated Kerim's criminal history category to be II and an offense level of 17, with a resulting sentencing guideline range of 27 to 33 months. PSR ¶ 57. Neither party objected to that calculation.

## III. APPLICATION OF 18 U.S.C. § 3553(a)

Congress has provided through 18 U.S.C. § 3553(a) the relevant objectives and factors to be considered by sentencing courts in imposing a sentence that is "sufficient, but not greater than necessary." Those objectives are: (i) the nature and circumstances of the offense, and the history and characteristics of the defendant; (ii) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (iii) the kinds of sentences legally available; (iv) the Sentencing Guidelines; (v) Sentencing Commission policy statements; (vi) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (vii) the need for restitution. The most relevant factors are set forth below.

4

A.  **Nature and Circumstances of the Offense and the History and Characteristics of the Offender, 18 U.S.C. § 3553(a)(1)**

The nature and circumstances of Kerim's offense, combined with his history and characteristics weigh in favor of a sentence that is no more than 12 months imprisonment. Kerim invaded the privacy of AV-6 in one of the most egregious ways. He obtained a nude image of AV-6 and then sent it to her in order to ask for more images. When she did not comply, he threatened her. He was undeterred when AV-6 blocked him and instead made multiple accounts to harass AV-6.

Kerim conducted this criminal behavior against the backdrop of a lengthy employment history and a good childhood. Kerim is very close to his father and helps support him. Although he once struggled with alcohol abuse, which is evident from his prior convictions for driving under the influence, Kerim reports that he has been sober since 2017. The charge to which he pled guilty here is Kerim's first felony conviction. Thus, balancing Kerim's past with the nature of this offense, this factor weighs in favor of a sentence not to exceed 12 months incarceration.

B.  **Seriousness of the Offense, Promoting Respect for Law, and Providing Just Punishment, 18 U.S.C. § 3553(a)(2)(A)**

Kerim committed a serious offense with lasting consequences to his victim. Kerim exploited a breach of AV-6's privacy and AV-6 had to experience multiple threats and the involvement of her friends at Kerim's hands. A custodial sentence of up to 12 months would reflect the seriousness of this offense, justly punish Kerim, and promote respect for the law. Such a sentence would particularly address the seriousness of the offense where Kerim used the cover of the internet to invade the privacy of AV-6, threaten her, and harass her.

### C. To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(B)-(C)

A custodial sentence of no more than 12 months also serves the interests of deterrence and the need to protect the public. For general deterrence, this sentence sends an important message that cyberstalking is a serious offense that merits serious penalties, including imprisonment where appropriate, such as here.

For individual deterrence, Kerim's prior sentences for driving under the influence have done little to deter him from continuing to engage in criminal activity. Here, a federal, custodial sentence not to exceed 12 months imprisonment contemplates the next incremental

increase in punishment and is a sentence that is sufficient but not greater than necessary considering Kerim's criminal history and the nature of this offense.

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully recommends that the Court sentence Defendant Kenan Kerim to a sentence of no more than 12 months, followed by three years of supervised release.

Respectfully submitted,

DAWN N. ISON
United States Attorney

/s/ *Tara M. Hindelang*
Tara M. Hindelang
Assistant United States Attorney
211 Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9543
Tara.Hindelang@usdoj.gov

Dated: February 6, 2024

## **Certificate of Service**

I hereby certify that on February 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

George E. Long III
*Counsel for Defendant Kenan Kerim*

                                              <u>/s/ Tara M. Hindelang</u>
                                              Tara M. Hindelang
                                              Assistant United States Attorney
                                              211 Fort Street, Suite 2001
                                              Detroit, MI 48226
                                              (313) 226-9543
                                              Tara.Hindelang@usdoj.gov