UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

       Case No. 23-cr-20335

       Hon. Paul D. Borman
       U.S. District Court Judge

Kenan Kerim,

       Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

The defendant, Kenan Kerim, is a 35 year old man with no significant criminal history. Mr. Kerim has (3) three previous operating while intoxicated/impaired offenses in Wayne County Michigan. His current offense is unrelated to his previous driving while impaired offenses which occurred nearly 8 years ago. Given these circumstances, a sentence which departs from the advisory guideline range of 27-33 months does not further the interest of justice. PSR at ¶ 57. Under Federal Rule of Criminal Procedure 11(c)(1)(B). The government recommends that the defendant's sentence of imprisonment not exceed 12 months. PSR at ¶ 58.

*Procedural History*

On September 26, 2023, Mr. Kerim pled guilty, pursuant to a Rule 11 Plea Agreement, to one Count I of Cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). PSR at ¶ 4.

Mr. Kerim's sentencing hearing is set for February 13, 2024. Id. at ¶ 4.

*Factual Background*

Mr. Kenan Kerim had contact with an adult victim, aka AV-6, who said she would send him images of herself for $20. She failed to send the additional images and kept the $20. Mr. Kerim admitted that he made veil threats after AV-6 refused to send the additional images as she

1

promised. Mr. Kerim does not deny the alleged facts of the present case. The alleged facts are a matter of court record. Admittingly and regrettably, Mr. Kerim crossed the line in violation of the laws of the United States Of America because he did not receive photo images he was promised. Mr. Kerim does not wish to continue to restate this low point in his life.

A criminal complaint was filed April 4, 2023, alleging that Mr. Kerim made threatening communications in violation of 18 U.S.C. § 875(d) and engaged in cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B). On June 13, 2023, an Indictment was filed charging Mr. Kerim with cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), and interstate communications with threat to extort, in violation of 18 U.S.C. § 875(d).

*Sentencing Guideline Calculations*

The United States Probation Office has determined that Mr. Kerim's base offense level is 18. USSG §2A6.2(a). The combination of Mr. Kerim's total offense level of 17 and Criminal History Category II provide a sentencing guideline range of 27-33 months. PSR at ¶ 57.

There is no minimum mandatory penalty in Mr. Kerim's case.

*Application of 18 U.S.C. § 3553(a)*

The Title 18 United States Code Section 3553(a) establishes factors that a sentencing judge must take into consideration are as follows:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; 18 U.S.C. Section 3553(a)(1)

2. The need for the sentence imposed; 18 U.S.C. Section 3553(a)(2)

  1. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
  2. to afford adequate deterrence to criminal conduct.
  3. to protect the public from further crimes of the defendant.

4. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

3. The kinds of sentences available; 18 U.S.C. Section 3553(a)(3).

4. The need to avoid unwarranted disparity among defendants with similar records and similar crimes; 18 U.S.C. Section 3553(a)(6).

5. The need to provide restitution to any victims of the offense. 18 U.S.C. Section 3553(a)(7).

*Relevant Factors for Application of 18 U.S.C. § 3553(a)(1)*

The nature of Mr. Kerim's conduct was that he made contact with an adult victim, aka AV-6, who said she would send him images of herself for $20. The circumstances of Mr. Kerim's charged offense is that Mr. Kerim admittedly made veil threats after AV-6 refused to send the additional images as she promised. Mr. Kerim does not deny the alleged facts of the present case. Mr. Kerim has never committed or been charged with a violent crime. His history deserves the benefit of doubt in this case in regards to whether there was any evidence presented that Mr. Kerim posed a clear and present threat to anyone. The history and characteristics of Mr. Kerim weighs in favor of a variance in sentencing of home detention.

Mr. Kerim has a consistent employment history as a skillful line cook in restaurants throughout Michigan. Kerim intends to continue to pursue his passion for preparing superb cuisines and advance his skills in culinary arts. Mr. Kerim has a very good relationship with his father. Kerim assists his father in his day to day life and health issues. With no felony criminal history, Kerim's past criminal behavior weighs in favor exercising sentencing discretion to impose a sentence of no incarceration.

*Relevant Factors for Application of 18 U.S.C. § 3553(a)(2)(A)*

In weighing the seriousness of the offense, promoting respect for law, and providing just punishment, Mr. Kerim did not intend to commit a crime at all when he engaged in conversations

3

with AV-6 for her photos. Kerim regrets the unreasonableness of his actions in making multiple threats and involving AV-6's friend because he wanted his $20 back. The Federal Criminal Justice Procedures and Process has justly punished Kerim, and promotes respect for the law and weighs in favor exercising sentencing discretion to impose a sentence of no incarceration.

*Relevant Factors for Application of 18 U.S.C. § 3553(a)(2)(B)-(C)*

In considering the government's interest of deterrence to criminal conduct and to protect the public from further crimes of the Defendant, Mr. Kerim, a noncustodial sentence in this case serves the interests of deterrence and protects the public. Deterrence, "The act or process of discouraging certain behavior, particularly by fear; esp., as a goal of criminal law, the prevention of criminal behavior by fear of punishment." *Black's Law Dictionary* 8th ed. (West Group, 2007), Bryan A. Garner, P. 481. In this case, a conviction with a noncustodial sentence sends an important message that cyberstalking is an offense that will be prosecuted. Here, a federal felony conviction, along with the shame and humiliation of armed federal agents descending upon his home, has been a life changing event which has lasted for years now for Mr. Kerim. A noncustodial sentence for a federal felony conviction, is an incremental increase in punishment that is sufficient but not greater than necessary to deter Kerim from reoffending.

*Conclusion*

The intent of Congress to allow sentencing courts to impose a sentence that is "sufficient, but not greater than necessary," vests the sentencing courts with the power of discretion necessary to temper justice with mercy. *See* Koon v. United States, 518 U.S. 81, 113 (1996). Mr. Kerim, therefore, respectfully request this Court to exercise the discretion vested by Congress to impose a noncustodial sentence, followed by three years of supervised release.

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court via CM/ECF system, which will serve notification of this filing to:

    Assistant U.S. Attorney Tara M. Hindelang;
    Assistant U.S. Attorney Christopher Rawsthorne, this 7th day of February, 2024

        Respectfully submitted,

        */s/ George E. Long, III*
        GEORGE E. LONG, III
        G.LONG LAW, PLLC
        MI Bar No. P79687
        321 Main St.
        Belleville, MI 48111
        (734) 697-4455
        glonglaw@gmail.com